# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF NEW YORK MELLON, | Case No.: 2:18-cv-00161-APG-NJK |
| Plaintiff | **Order Granting Motions for Summary Judgment** |
| v. | |
| WILLISTON INVESTMENT GROUP LLC, et al., | [ECF Nos. 33, 37] |
| Defendants | |

Plaintiff The Bank of New York Mellon (BONY) sues to determine whether a non-judicial foreclosure sale conducted by defendant The Parks Homeowners Association (Parks) extinguished BONY's deed of trust that encumbered property located at 6770 Cinnabar Coast Lane in North Las Vegas, Nevada. Parks purchased the property via credit bid at the homeowners association (HOA) foreclosure sale. Parks then transferred the property to defendant Williston Investment Group LLC (Williston), which is the current property owner.

BONY asserts a single claim for declaratory relief, seeking a declaration that the deed of trust remains an encumbrance on the property. ECF No. 1. Williston counterclaims for declaratory relief that it took title to the property free and clear of the deed of trust. ECF No. 25.

Williston moves for summary judgment, arguing that BONY's claim is untimely, there is no basis to equitably set aside the sale, the relevant statutes do not violate BONY's due process rights, the sale is presumed valid, and Williston is a bona fide purchaser. BONY responds that its complaint is timely or, alternatively, that Williston is not entitled to judgment on its counterclaim because the HOA sale was for a subpriority lien only. BONY asserts that its

servicer tendered the superpriority amount before the HOA sale, thereby extinguishing the superpriority lien.

BONY separately moves for summary judgment on Williston's counterclaim, arguing that the tender extinguished the superpriority lien and that Williston is not a bona fide purchaser. Williston responds that BONY has offered only hearsay evidence to establish the superpriority amount. Williston also argues that BONY has not presented evidence that the tender was actually delivered to the HOA foreclosure agent, and even if delivered, the tender attempt contained an impermissible condition because it required the HOA to waive its continuing right to nuisance abatement charges as part of the superpriority lien. Williston also reiterates its arguments from its own motion that the sale is presumed valid and it is a bona fide purchaser.

BONY replies that it has presented admissible business records to show the superpriority amount, that there were no nuisance abatement charges, and that its servicer tendered the superpriority amount. BONY also argues that because the tender extinguishes the superpriority lien as a matter of law, Williston's alleged status as a bona fide purchaser is irrelevant.

The parties are familiar with the facts, and I will not repeat them here except where necessary to resolve the motions. I grant Williston's motion for summary judgment on BONY's claim because that claim is untimely. I grant BONY's motion on Williston's counterclaim because Williston has not shown it is entitled to a quiet title judgment in its favor where BONY's servicer tendered the superpriority amount.

**I. LEGAL STANDARD**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

## II. WILLISTON'S MOTION FOR SUMMARY JUDGMENT

Williston moves for summary judgment on BONY's quiet title claim, asserting it is untimely. The HOA foreclosure sale took place on February 1, 2013, the trustee's deed upon sale was recorded on February 7, 2013, and BONY filed the complaint in this matter on January 29, 2018. ECF Nos. 1; 33-6. I have previously ruled that "the catchall four-year limitation period in § 11.220 applies" to claims by lienholders like BONY seeking to determine whether the deed of trust survived an HOA foreclosure sale. *Bank of Am., N.A. v. Country Garden Owners Ass'n*, No. 2:17-cv-01850-APG-CWH, 2018 WL 1336721, at *2 (D. Nev. Mar. 14, 2018). BONY's declaratory relief claim was filed more than four years after BONY knew or should have known that its deed of trust was in jeopardy. *See Job's Peak Ranch Cmty. Ass'n, Inc. v. Douglas Cty.*, No. 55572, 2015 WL 5056232, at *3 (Nev. Aug. 25, 2015) ("If the facts giving rise to the cause

of action are matters of public record then the public record gave notice sufficient to start the statute of limitations running." (quotation and alteration omitted)). I therefore grant Williston's motion because BONY's claim is time-barred.

### III. BONY's MOTION FOR SUMMARY JUDGMENT

BONY moves for summary judgment on Williston's counterclaim to quiet title. The party asserting a quiet title claim bears the burden of proof "to prove good title in himself." *Res. Grp., LLC as Tr. of E. Sunset Rd. Tr. v. Nevada Ass'n Servs., Inc.*, 437 P.3d 154, 157-58 (Nev. 2019) (en banc) (quotation omitted). Thus, "a plaintiff's right to relief [ultimately] . . . depends on superiority of title." *Id.* (quotation omitted). A quiet title claim "does not require any particular elements." *Id.* Rather, "each party must plead and prove his or her own claim to the property in question." *Chapman v. Deutsche Bank Natl Tr. Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (en banc) (quotation omitted).

Although Williston bears the burden of proving good title in itself on its counterclaim, tender is an affirmative defense that BONY bears the burden of proving. *Res. Grp., LLC as Tr. of E. Sunset Rd. Tr.*, 437 P.3d at 158 ("Payment of a debt is an affirmative defense, which the party asserting has the burden of proving."). "A valid tender of payment operates to discharge a lien or cure a default." *Bank of Am., N.A. v. SFR Investments Pool 1, LLC*, 427 P.3d 113, 117 (Nev. 2018) (en banc) (quotation omitted). For tender to be valid, it must be (1) "payment in full" and (2) either unconditional or "with conditions on which the tendering party has a right to insist." *Id.* at 118. "The only legal conditions which may be attached to a valid tender are either a receipt for full payment or a surrender of the obligation." *Id.* (quotation omitted).

BONY's evidence of tender is an affidavit from Douglas Miles, a managing partner of the law firm Miles, Bergstrom & Winters, LLP, formerly known as Miles, Bauer, Bergstrom &

4

Winters, LLP (Miles Bauer). ECF No. 34-1 at 19. Miles avers that Bank of America, N.A. retained Miles Bauer to tender payments to HOAs to satisfy superpriority liens, including the lien on the property at issue in this case. *Id.*

In July 2012, Miles Bauer wrote a letter to the HOA's foreclosure agent, Fuller Jenkins, requesting the payoff amount for the superpriority lien. ECF No. 34-1 at 26. In response, Fuller Jenkins sent a ledger for the property. *Id.* at 21, 29-33. That ledger showed that assessments prior to the April 2012 notice of delinquent assessments were $74 per month. *Id.* The ledger does not show any nuisance abatement charges. *Id.* On October 26, 2012, Miles Bauer sent to Fuller Jenkins a check in the amount of $1,237.90. *Id.* at 33-35. The accompanying letter stated that this was "a non-negotiable amount and any endorsement of said cashier's check on your part, whether express or implied, will be strictly construed as an unconditional acceptance on your part of the facts stated herein and express agreement that [Bank of America's] financial obligations towards the HOA in regards to the [property] have now been 'paid in full.'" *Id.* at 34. According to Miles Bauer's records, the check was returned on November 8, 2012. *Id.* at 24.

Williston contends I should not consider these records because they are hearsay and do not fall within the business records exception in Federal Rule of Evidence 803(6). Under Rule 803(6), a record of a regularly conducted activity is not excluded by the hearsay rule if the record meets the following requirements:

> (A) the record was made at or near the time by--or from information transmitted by--someone with knowledge;
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> (C) making the record was a regular practice of that activity;
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
> (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Miles avers that the Miles Bauer records meet each of these requirements. ECF No. 34-1 at 19.

Williston has not presented evidence raising a genuine dispute on any of these factors. Nor has Williston presented evidence to suggest that Fuller Jenkins did not receive the tender.[1] Williston "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). It has not done so here. BONY has presented uncontradicted evidence that Miles Bauer tendered more than the superpriority amount, including evidence that there were no nuisance abatement charges.

Williston contends, however, that the tender was invalid because it attached an improper condition. The Supreme Court of Nevada has rejected this argument based on identical conditional language. *See Bank of Am., N.A.*, 427 P.3d at 118.

Finally, Williston argues it is a bona fide purchaser. However, a "party's status as a BFP is irrelevant when a defect in the foreclosure proceeding renders the sale void." *Id.* at 121. "[A]fter a valid tender of the superpriority portion of an HOA lien, a foreclosure sale on the entire lien is void as to the superpriority portion, because it cannot extinguish the first deed of trust on the property." *Id.* Williston cannot prevail on its quiet title counterclaim. I therefore grant BONY's motion for summary judgment.

**IV. CONCLUSION**

IT IS THEREFORE ORDERED that defendant Williston Investment Group LLC's motion for summary judgment **(ECF No. 33) is GRANTED**. The clerk of court is instructed to

---

[1] Nevada law creates a rebuttable presumption that "a letter duly directed and mailed was received in the regular course of the mail." Nev. Rev. Stat. § 47.250(13).

6

enter judgment on plaintiff Bank of New York Mellon's complaint in favor of defendant Williston Investment Group LLC and against plaintiff Bank of New York Mellon.

IT IS FURTHER ORDERED that counterdefendant Bank of New York Mellon's motion for summary judgment **(ECF No. 37) is GRANTED**. The clerk of court is instructed to enter judgment on counterclaimant Williston Investment Group LLC's counterclaim in favor of counterdefendant Bank of New York Mellon and against counterclaimant Williston Investment Group LLC.

DATED this 16th day of May, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE